

**FILED**
JAN 1 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
| --- | --- |
| Name (under which you were convicted): CLIFTON FLOWERS | Docket or Case No.: 04-CR 700 JJBZ |
| Place of Confinement: REEVES COUNTY DETENTION CENTER III | Prisoner No.: 17212-424 |
| UNITED STATES OF AMERICA  v. | Movant (include name under which you were convicted) CLIFTON FLOWERS |

**FILED**
JAN 1 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

   (b) Criminal docket or case number (if you know): 04-cr700 JJBZ

2. (a) Date of the judgment of conviction (if you know): February, 1, 2005

   (b) Date of sentencing: April 6, 2005

3. Length of sentence: Eighty Four (84) months and three years Supervised release

4. Nature of crime (all counts): Illegal re-entry following deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

08CV265
JUDGE ZAGEL
MAGISTRATE JUDGE DENLOW

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐
9. If you did appeal, answer the following:
   (a) Name of court: UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT.
   (b) Docket or case number (if you know): No. 05-2273
   (c) Result: Petitioner never received a reply to the appeal.
   (d) Date of result (if you know): Unknown
   (e) Citation to the case (if you know): ___
   (f) Grounds raised: Whether the district court erred when it ordered that Mr. Flowers submit to urine testing at the direction of the probation officer as a condition of supervised release without placing any limit on the number of drug tests.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
      If "Yes," answer the following:
      (1) Docket or case number (if you know): ___
      (2) Result: ___

      (3) Date of result (if you know): ___
      (4) Citation to the case (if you know): ___
      (5) Grounds raised: ___

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: ___
        (2) Docket or case number (if you know): ___
        (3) Date of filing (if you know): ___

  (4) Nature of the proceeding: _____

  (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

  (7) Result: _____

  (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court: _____

  (2) Docket or case number (if you know): _____

  (3) Date of filing (if you know): _____

  (4) Nature of the proceeding: _____

  (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

  (7) Result: _____

  (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1) First petition:  Yes ❑   No ❑

  (2) Second petition: Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: <u>Ineffective Assistance of Attorney James M. Lydon for failure to apply for FAST TRACK, which would have provided a downward departure for petitioner, where FAST TRACK was available nationwide.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>For defendants seeking FAST TRACK disposition and charged with illegal re-entry after deportation in violation of Title 8, United States code, Section 1326, the district court employs a departure-based program. The defendant enters a plea of guilty to violating Title 8, United States Code, Section 1326. The government agrees to recommend a one-level reduction in offense level pursuant to § 5K3.1 for an early plea and a two-level reduction in total offense level for acceptance of responsibility pursuant to U.S.S.G §5E1.1(a).</u>

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: <u>Counsel was ineffective and did not advised petitioner of a FAST TRACK program neither did Counsel raised the FAST TRACK issue at the sentencing phase, which violated the Sixth Amendment right at the sentencing level.</u>

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

  Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____

(b) Direct Appeal of Ground Two:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☐

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Page 9

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐  No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: The FAST TRACK ground was never presented in any court. This ground was never presented because of unawareness of said ground. It was through serendipity that I became cognizant of said ground.

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: James M. Lydon, 222 North La Salle, Suite 300 Chicago, IL 60601

(b) At arraignment and plea: James M. Lydon, 222 North La Salle, Suite 300 Chicago, IL 60601

(c) At trial: _____

_____

(d) At sentencing: James M. LYdon, 222 North La Salle, Suite 300 Chicago, IL 60601

Page 12

(e) On appeal: <u>Attorneys: Jonathan E. Hawley and Andrew J. McGowan</u>
<u>401 Main Street, Suite 1500, Peoria, IL 61602</u>

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   (b) Give the date the other sentence was imposed: _____
   (c) Give the length of the other sentence: _____
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* "Extraordinary circumstances" existed sufficient to permit equitable tolling of one year deadline imposed by the Antiterrorism and Effective Death Penalty act (AEDPA) on filing of habeas corpus petitions by capital defendants in custody. Under statute relating to motion attacking sentence and providing for motion which may be made "at any time," defendant who had been sentenced in 2004, who had sought relief on 2006 was not disentitled by want of diligence. It has been held that delay filing a 28 U.S.C. § 2255 motion does not bar movant because of lack of reasonable diligence in    presenting his claim.

The statute 28 U.S.C. § 2255, when it states that motion may be made at any time, excludes the additions of a showing diligence delayed filings. A number of courts have considered contentions similar to those made here and have concluded that there are no time limitation. This result excludes the requirement of diligence which is in reality a type of limitation.

In Heflin v. United States, 358 U.S. 415, 3 L.Ed.2d 407, the Supreme Court discussed 28 U.S.C. § 2255 with the concurring states: "The words which Congress used are not ambiguous. A motion for such relief [right to be released] may be made at anytime." This latter provision simply means that, as in habeas corpus, there is no statute of limitation, no res

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

QUESTION 18 CONTINUES.

judicata, and that the doctrine of laches is inapplicable. This does not however exclude "a limited discretion in the federal judge to deny relief to an applicant under certain circumstances," **Fay v. Noia**, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837.

Therefore, movant asks that the Court grant the following relief: <u>That the court vacate his original sentence and resentence him and then impose a sentence substantially below the Guideline range.</u>
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>January 3rd, 2008</u> (month, date, year).

Executed (signed) on <u>1/3/2008</u> (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

### IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]

* * * * *

## AFFIDAVIT STATEMENT

I, <u>Clifton Flowers</u>, under oath hereinafter, respectfully submit this affidavit in hopes that this Honorable Court will reconsider and accept my explanation on why this case in not barred by the **one-year** statute of limitation due to the following reasons:

(1) My attorney did not advise me that there is a one-year statute of limitation on any petition or motion done by federal prisoners in custody, nor had he advised me of these rights that I have in pursuing to seek relief under 28 U.S.C § 2255 motion.

(2) Motion under 28 U.S.C § 2255 is very complicated to file and also requires knowledge and comprehension due to the complex content of court requirement, document, and paper work involved.

(3) The appeal that was filed in lieu of urine testing at the direction of the probation officer as a condition of supervised release. If in fact my attorney or the court reporter had communicate and mailed me a reply I still have not received such. Of importance is the fact that I would have known the time limits for this § 2255 motion.

**SIGNED**, this 3rd day of January 2008.

Respectfully,

Clifton Flowers
Reg. no. 17212-424
Reeves County Detention Center III
P.O. Box 2038
Pecos, Tx 79772

Clifton Flowers
Reg. No. 17212-424
Reeves County Detention Center III
P.O. Box 2038
Pecos, Tx 79772

United States District Court
Northern District of Illinois,
Eastern Division
219 South Dearborn Street
Chicago, IL  60604

Dec. 18, 2007

Dear Cler:

I **Clifton Flowers**, being the above named inmate, is (**pro-se**) in this litigation, without knowledge or schooling concerning the preparation of legal matters.  Therefore, I am asking that this Honorable Court review my pro-se motion in light of **Haines v. Kerner**, 404 U.S. 519, 30 L.Ed.2d 652 (1972); and **Cruz v. Beto**, 405 U.S. 319, 32 L.Ed.2d 263, 92 S. Ct 1079 (1972).

Thank you very much for you time in the above matter.

_____
Clifton Flowers
Reg. No. 17212-424