UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON FLOWERS,      ) | | |
|    Petitioner-Defendant,   ) | | |
| ) | | |
| v.            ) | No. | 08 CV 265 |
| ) | | |
| UNITED STATES,      ) | Judge Zagel | |
|    Respondent.       ) | | |

**GOVERNMENT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO DENY SECTION 2255 PETITION**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves to dismiss petitioner Clifton Flowers's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C.A. § 2255. Alternatively, the government requests that the Court deny the motion without a hearing.

**Summary of Argument**

Petitioner-Defendant Clifton Flowers's motion should be dismissed, because it is barred by the statute of limitations. Flowers had one year to file his motion after his conviction became "final," *i.e.*, after the Seventh Circuit issued its mandate, affirming petitioner's conviction and sentence. The Seventh Circuit issued its mandate on or about March 16, 2006. Flowers filed his Section 2255 motion well over one year later, on or about January 11, 2008.

Alternatively, the motion should be denied. Flowers claims his counsel was ineffective for failing to request a reduction in defendant's sentence under the fast-track program. But this district has no such program, and the Seventh Circuit has repeatedly rejected arguments that a sentence is unreasonable solely because it was imposed in a jurisdiction that does not make use of fast-track programs.

**Procedural Background**

Flowers was indicted in September 2004, and charged with illegally re-entering the United States after having been deported and removed subsequent to a conviction for an aggravated felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(2). He pled guilty under a written Plea Agreement, and was sentenced on April 6, 2005 to an 84-month prison term.

Flowers then appealed to the Seventh Circuit, challenging the district court's failure to specify the maximum number of drug tests to which he must submit while on supervised release. The Seventh Circuit affirmed the district court's judgment, ruling that there was no plain error, because Flowers will be deported following his prison term. The deportation will effectively end any period of supervised release, so the district court's silence on the maximum number of drug tests was irrelevant. As such, the Court found that there was no manifest injustice arising from the district court's judgment. *See United States v. Flowers*, 168 Fed. Appx. 736, 2006 WL 394965 (7th Cir. Feb 21, 2006).

On or about March 16, 2006, a certified copy of the Seventh Circuit's mandate, affirming the district court's decision, was filed with the district court.

**Argument**

**I.    Flowers's Motion Is Untimely**

A prisoner seeking relief under 28 U.S.C. § 2255 must file his petition within one year after his conviction becomes "final." 28 U.S.C. § 2255. A conviction becomes final when the Appeals Court issues a "mandate in [the defendant's] direct criminal appeal." *Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998).

Here, Flowers's conviction became final no later than March 16, 2006, when the Seventh

Circuit's mandate was filed with the district court. The one-year limitations period on Flowers's ability to seek relief under Section 2255 expired on or about March 16, 2007. The Section 2255 motion, filed in January 2008, is therefore untimely and should be dismissed.

Flowers seeks to excuse his delay (in other words, equitably toll the statute of limitations) on grounds that he did not know about the one-year statute of limitations; Section 2255 motions are very complicated; and he did not receive a reply concerning resolution of his appeal. Pet.'s "Affidavit Statement," at 1. None of these excuses justifies the delay. The Seventh Circuit requires a showing that "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing," *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000), and Flowers cannot meet that standard.

First, as to Flowers's claim that he did not know about the one-year statute of limitations, the Court of Appeals has ruled that ignorance of Section 2255 law, including the limitations period, cannot excuse a delay. *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002) ("Ignorance of the law does not justify an extension of the one-year period to commence a collateral attack."); *United States v. Galanos*, No. 04 CR 5383, 2005 WL 1458185, *1 (N.D. Ill. June 15, 2005) (Zagel, J.) (rejecting defendant's Section 2255 petition as untimely, despite defendant's assertion that he "was ignorant to the law" and "did not know what to do, because this was [his] first time in any federal trouble") (attached as Ex. A).

The same case law dooms defendant's second argument, that he did not meet the one-year deadline due to the complexities of Section 2255 motions. *Johnson v. Chandler*, 224 Fed. Appx. 515, 520, 2007 WL 836598 (7th Cir. March 20, 2007) (rejecting argument that defendant was confused by statute's complicated limitations and procedural requirements, because "we have

3

repeatedly held that mistakes of law and ignorance of proper legal procedures are not sufficiently extraordinary to warrant tolling"); *Montenegro v. United States*, 248 F.3d 585, 592-93 (7th Cir. 2001) (refusing to invoke equitable tolling to excuse defendant's failure to meet one-year deadline, where defendant claimed lawyer did not respond to his letter, defendant was unable to understand docket sheet lawyer mailed to him because of language barrier, defendant was never consulted on the possibility of an appeal, defendant had limited education and a lack of knowledge of the United States legal system, and defendant was being transferred from one prison to another); *Marcello*, 212 F.3d at 1010 (rejecting equitable tolling based on defendant's argument, among others, that law was unclear).

Finally, Flowers cannot avoid the statute of limitations by claiming that he did not receive notice that his appeal was resolved. Resolution of Flowers's appeal was a matter of public record, available to him had he exercised due diligence. *Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004) (defendant-inmate's habeas petition was untimely, and delay would not be excused based on fact that correctional officers allegedly failed to deliver habeas application-related mail on time); *Montenegro*, 248 F.3d 585 at 592-93 (defendant, who was a prisoner, could have learned from reviewing docket sheet that appeal had not been filed); *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) (fact that petitioner is incarcerated is not extraordinary circumstance justifying tolling of limitations period on habeas petition; "Unfortunately, many clients, whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands.").

Thus, the Court should dismiss the Section 2255 motion as untimely.

**II.    Alternatively, Flowers's Motion Should Be Denied Without a Hearing Because It Raises a Frivolous Argument Concerning Sentencing Reductions Under Fast-Track Programs for Immigration Cases**

Even if this Court chooses to consider the merits of defendant's claims, it should deny the petition. A defendant "bears a heavy burden when seeking to establish an ineffective assistance of counsel claim." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996)(citations omitted). To do so, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Flowers must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. *See also Gallo-Vasquez v. United States,* 402 F.3d 793, 798 (7th Cir. 2005); *United States v. Fish*, 34 F.3d 488, 490 (7th Cir. 1994). Second, Flowers must show that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Essentially, a defendant must show "that the deficient performance prejudiced the defense," and that it "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Finally, a defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *Id.* at 697. *See also Richardson v. United States*, 379 F.3d 485, 487-88 (7th Cir. 2004); *United States v. Booker*, 981 F.2d 289, 294 (7th Cir. 1992).

Here, Flowers argues that his counsel was ineffective, because counsel failed to seek a downward departure under the fast-track program, and such a departure would have eliminated unwarranted disparities between defendant's sentence and those of others sentenced under fast-track programs. Def.'s Mem. at 3-8.[1] This argument fails both prongs of the ineffective-assistance

---

[1] In order to deal with an overwhelming volume of immigration and drug cases in their districts, some United States Attorneys, primarily but not exclusively in the federal districts on the
(continued...)

inquiry.

First, defense counsel cannot be found ineffective for failing to raise an argument that has no merit. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). It would have made no sense for defense counsel in this case to seek a downward departure under this district's fast-track program, because – as Flowers recognizes in the second part of his brief – this district has no such program.

Moreover, any argument that the district court should have given Flowers a lower sentence to avoid unwarranted disparities with defendants in districts that *do* have fast-track programs would have been just as unsuccessful. The Seventh Circuit has repeatedly rejected that argument. *United States v. Pacheco-Diaz*, 506 F.3d 545, 552-53 (7th Cir. 2007) (rejecting argument that district court should have considered the unwarranted sentencing disparity that resulted from defendant's lack of access to a fast-track program); *United States v. Roche-Martinez*, 467 F.3d 591, 595-96 (7th Cir. 2006) (rejecting argument that sentence was unreasonable because the absence of a fast-track program in the Northern District of Illinois resulted in an unfair sentencing discrepancy); *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462-63 (7th Cir 2006) (same); *United States v. Martinez-Martinez*, 442 F.3d 539 (7th Cir.2006) (same); *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir.2006) (remanding case for resentencing where district court improperly gave defendant downward departure in order to alleviate perceived disparities created by district's lack of fast-track program). Thus, defense counsel's conduct cannot be said to fall below an objective standard of

---

[1](...continued)
southwestern United States border, have adopted early disposition programs, sometimes referred to as "fast-track programs." This district has no such program.

unreasonableness, for failing to raise an argument that the Seventh Circuit has consistently refused.

Second, based on the same case law, Flowers cannot show he was prejudiced by defense counsel's conduct, or that the result would have been any different if defense counsel had invoked fast-track programs in his sentencing argument.

Because defendant cannot satisfy either prong of the *Strickland* test, his motion should be denied. No hearing is necessary, because there are no factual disputes, and the record shows that defendant is not entitled to relief. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (evidentiary hearing unnecessary in all cases); *Gallo-Vasquez*, 402 F.3d at 797 ("A district court may dismiss a §2255 motion without holding a hearing or requiring the government to respond if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'").

\* \* \* \* \*

WHEREFORE, the government respectfully requests this Court to dismiss or, in the alternative, deny Flowers's Section 2255 motion.

Dated: January 28, 2008                    Respectfully submitted,

                                                                   PATRICK J. FITZGERALD
                                                                    United States Attorney

By:   s/ Julie B. Ruder
        JULIE B. RUDER
        Assistant United States Attorney
        219 S. Dearborn St., Room 500
        Chicago, Illinois 60604
        (312) 886-1317

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**Government's Motion to Dismiss Or, in the Alternative, to Deny Section 2255 Petition**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on January 28, 2008, to the following non-ECF filers:

Clifton Flowers
Reg. No. 17212-424
Reeves County Detention Center III
P.O. Box 2038
Pecos, TX 79772

s/ Julie B. Ruder
JULIE B. RUDER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 886-1317