Not Reported in F.Supp.2d                                                                                                                 Page 1
Not Reported in F.Supp.2d, 2005 WL 1458185 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

U.S. v. Galanos
N.D.Ill.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
UNITED STATES OF AMERICA, Plaintiff,
v.
George GALANOS, Defendant.
**No. 04 C 5383.**

June 15, 2005.

*MEMORANDUM OPINION AND ORDER*

ZAGEL, J.

*1 On October 18, 2002, Galanos entered a plea of guilty to two counts of bank robbery and one count of robbery under the Hobbs Act. On December 20, 2002, I sentenced Galanos to 63 months imprisonment, applying the "organizer/leader" enhancement under USSG § 3B1.1(c). Galanos did not appeal his sentence, but on August 16, 2004, filed a *pro se* motion under 18 U.S.C. § 2255 to vacate his sentence.

Galanos raises two grounds for relief in his motion. He first claims that he received ineffective assistance of counsel in violation of the Sixth Amendment because his attorney never told him to appeal or that he had a right to appeal his sentence and because his attorney failed to file a written motion prior to the sentencing hearing objecting to the sentencing enhancement. Galanos also claims that my application of the "organizer/leader" enhancement violated his Fifth, Sixth and Eighth Amendment rights, presumably pursuant to *Blakely v. Washington,* 124 S.Ct. 2531 (2004) and *United States v. Booker,* 125 S.Ct. 738 (2005), which he mentions in his petition for relief. I dismissed the second ground of his petition on January 19, 2005, as *Booker* does not apply retroactively to criminal cases that became final prior to January 12, 2005. See *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir.2005). Therefore, only Galanos's ineffective assistance of counsel argument remains as a basis for § 2255 relief.

As a preliminary-and dispositive-matter, I find that Galanos's petition is untimely. Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limit for motions seeking collateral relief under § 2255. The one-year period runs from "the latest of" four specified events, only two of which are relevant here: "the date on which the judgment of conviction becomes final" and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."28 U.S.C. § 2255 P6(1) and (4). Galanos's conviction became final on December 26, 2002. Unless there are grounds to toll the one-year time period or Galanos can point to facts that, through the exercise of due diligence, could only have been discovered within one year of his August 2004 petition, the petition is untimely.

In some cases, equitable tolling may apply to the one-year statutory deadline governing § 2255 motions. However, "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing."*United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.2000) (citation omitted). In support of his petition, Galanos explains that he "was ignorant to the law" and "did not know what to do, because this was my first time in any federal trouble."Galanos's ignorance of the law is not a sufficient reason to toll the filing deadline. *Godoski v. United States,* 304 F.3d 761, 762 (7th Cir.2002) ( "[i]gnorance of the law does not justify an extension of the one-year period to commence a collateral attack") (citing *Wilson v. Battles,* 302 F.3d 745 (7th Cir.2002)).*See also Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998) (ignorance of law not grounds for equitable tolling).

*2 Alternatively, Galanos might have argued that his claim was filed within one year of "the date on which facts supporting [his] claim ... could have been discovered through the exercise of due dili-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1458185 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Case 1:08-cv-00265   Document 5-2   Filed 01/28/2008   Page 2 of 3   Page 2

gence ."28 U.S.C. § 2255 P6(4).[FN1] In his petition Galanos states that he discovered his attorney's purportedly ineffective assistance after reading relevant law. Galanos's ignorance prior to that discovery does not trigger the alternative time frame identified in § 2255 P6(4). As discussed below, Galanos cannot claim ignorance of the fact of his attorney's failure to advise him to appeal, or the fact of his lawyer's failure to file a written motion objecting to the § 3B1.1(c) enhancement. Galanos was aware of these facts during and immediately after the sentencing. He can only claim ignorance of the "legal significance" of these facts, which does not toll the one-year deadline. *Cf. Godoski,* 304 F.3d at 762 (noting that petitioner claimed "ignorance of the legal significance of the fact" that one attorney represented two defendants). Galanos's petition contains no mention of newly-discovered facts that might properly invoke § 2255 P6(4). Moreover, Galanos fails to explain precisely when he discovered that his attorney's alleged conduct was ineffective and why it took him nearly 20 months after his sentencing became final to file his § 2255 petition. For these reasons, his petition is untimely.

> FN1. Galanos failed to reply to the Government's opposition to his § 2255 Petition.

Despite this bar to Galanos's claim, I take a moment to discuss why Galanos's petition would also fail on the merits. Relief under § 2555 generally is limited to situations in which a conviction or sentence was based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice."*Bischel v. United States,* 32 F.3d 259, 263 (7th Cir.1994) (citation omitted). In this case, Galanos claims an error of constitutional proportions. Defendants are typically barred from raising issues on collateral review that could have been raised earlier, absent a demonstration of good cause and actual prejudice. *Massaro v. United States,* 538 U.S. 500, 504 (2003). However, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 petition. *Id.* at 504-05.

Galanos pleaded guilty on October 18, 2002, pursuant to a written plea agreement with the government. The plea agreement, which Galanos signed, stated that the guidelines calculation was preliminary and that I would ultimately determine the facts and law relevant to sentencing. Before entering judgment against Galanos, I determined that he had assistance of counsel, understood his trial rights and the maximum penalties, and was pleading voluntarily. I informed Galanos that the calculations that would be used to determine his sentence were subject to change and that I was not bound by the guidelines calculation in the plea agreement. Galanos stated that he understood this and was entering a voluntary plea.

**\*3** Galanos was sentenced on December 20, 2002. At both his change-of-plea and sentencing hearings, Galanos was represented by his attorney, Joseph DiNatale. During the hearing, defense counsel made an oral objection to the pre-sentence report's recommendation of a two-level adjustment under USSG § 3B1.1(c). Counsel argued that the "organizer/leader" enhancement should not apply to Galanos because of his cocaine habit and other facts set forth in the plea agreement. I considered counsel's arguments, but overruled the objection because, under the law, Galanos's admissions in the plea agreement warranted the recommended enhancement. I applied the enhancement and sentenced Galanos to 63 months imprisonment, at the low end of the applicable guidelines range. Before concluding the hearing, I advised Galanos that he had the right to appeal the sentence and that if he wished to appeal, his attorney would tell him how to do so. Galanos failed to file an appeal.

In his § 2255 petition, Galanos contends that defense counsel provided ineffective assistance by failing to file a written objection to the enhancement and by failing to advise him to appeal or of his right to appeal. To prevail on a claim that his counsel's performance fell below constitutional standards, Galanos must prove both that counsel's representation was objectively deficient and that it was prejudicial. *Galbraith v. United States,* 313 F.3d 1001, 1008 (7th Cir.2002) (citing *Strickland v.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1458185 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Case 1:08-cv-00265    Document 5-2    Filed 01/28/2008    Page 3 of 3    Page 3

*Washington,* 466 U.S. 668 (1984)). This standard applies to counsel's performance at sentencing as well as at trial. *United States v. Delgado,* 936 F.2d 303, 310 (7th Cir.1991) (citation omitted). The *Strickland* standard imposes a heavy burden on Galanos, as defense counsel's conduct is presumed effective. *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir.1995).

Counsel's decision to make an oral, rather than written, objection to the Probation Department's proposed sentencing enhancement during the sentencing hearing was not objectively deficient. Defense counsel frequently make oral objections to pre-sentencing reports during sentencing hearings; in light of this accepted practice, counsel's decision was not "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. Moreover, even if counsel had filed a written objection in advance of the hearing, my decision would have been no different. Galanos fails to satisfy both the first and second prongs of the *Strickland* test.

Galanos's second ineffective assistance claim also lacks merit. Galanos was informed at sentencing of his right to file an appeal. Galanos does not claim that he asked his attorney to file an appeal and that his attorney disregarded that request. Rather, he states that "my lawyer never told me to appeal, or that I have the right to appeal, and his exact words were 'you only received 10 months extra.'" In support of its position, the Government submitted an affidavit from defense counsel, who avers that "[a]fter sentencing, I advised defendant of his right to appeal the sentence within 10 days of the judgment of conviction being entered ... Defendant told me he did not want to appeal the sentence."

**\*4** Based on the record before me, I believe that Galanos's attorney discussed the possibility of appeal with his client. I place greater weight on Galanos's statements that "my lawyer never told me *to* appeal" (emphasis added) and "you only received 10 month's extra" than on his statement that his lawyer never told him of the right to appeal. In appears from the former two statements that lawyer and client discussed the outcome of the sentencing hearing and the possibility of appeal, and that Galanos is now upset that this attorney did not instruct him to appeal-an obligation his attorney did not bear. Additionally, I find defense counsel's affidavit, in which he states that he consulted with his client after sentencing and that his client told him he did not wish to appeal, credible. Nothing about the discussion suggests that defense counsel's advice was objectively deficient and it is clear that counsel did not ignore his client's direct request to appeal. Defense counsel's actions did not violate *Strickland.*

For these reasons, Defendant's Motion to vacate sentence is DENIED.

N.D.Ill.,2005.
U.S. v. Galanos
Not Reported in F.Supp.2d, 2005 WL 1458185 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.