# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 265 | **DATE** | February 21, 2008 |
| **CASE TITLE** | UNITED STATES OF AMERICA v. FLOWERS | | |

**DOCKET ENTRY TEXT:**

Motion to dismiss is [5] denied, in the alternative, the Section 2255 petition is denied.

## STATEMENT

This post-conviction petition challenges a conviction on the grounds that his lawyer was ineffective for failing to challenge his sentence on the grounds that the petitioner was entitled to Fast Track benefits which should not be denied simply because the Northern District of Illinois does not have a Fast Track program. Petitioner was sentenced to 84 months (plus some supervised release) after pleading guilty to illegal entry into the United States following deportation for conviction of an aggravated felony. The conviction was affirmed, and the mandate was issued in March of 2006. He did not file this Section 2255 petition until January of 2008, well past the one-year deadline. He offers three reasons why he should not be held to the limitation period: 1) he did not know he had only a year, 2) the law governing filing limits is complicated, and 3) he was not notified about the disposition of his appeal. None of these works. *Godoski v. United States,* 304 F.3d 761 (7th Cir. 2002) (ground 1); *United States v. Marcello*, 212 F.3d 1005 (7th Cir. 2000) (ground 2); *Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004) (ground 3).

In any event, even a timely petition would be of no use to Petitioner. The argument that a defendant in this District should have gotten a Fast Track departure has never succeeded at the appellate level, and when a District Judge did grant the departure, our Court of Appeals instructed the judge that this act was an error. *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir. 2006). There was no precedent for making the argument when petitioner was sentenced in 2005, and it is clear that the argument would not have prevailed in this Circuit. Accordingly, petitioner would fail in his claim that his counsel was ineffective.